THE EMPIRE DISTRICT ELECTRIC COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3247.   Promulgated March 2, 1945.

*Theodore N. Johnsen, Esq.,* for the petitioner.
*W. F. Evans, Esq.,* for the respondent.

OPINION.

HARRON, *Judge*: Respondent agrees that petitioner has sustained a loss of $330,147.35, the expenditures for preparations for the Table Rock project. The question is whether the loss was sustained in the year 1935, as respondent has determined, or in the year 1936. The issue arises under section 23 (f) of the Internal Revenue Act of 1936, which allows a corporation a deduction for a loss sustained in the taxable year not compensated for by insurance or otherwise. Under this section of the statute, the taxpayer may take the deduction only in the year in which the loss is sustained. The difference between the parties arises out of their divergent views on when the loss was sustained.

Petitioner contends that the loss was sustained by virtue of the decision of the directors to abandon the project. The evidence shows that such decision was not made until 1936. Respondent contends that the administrative action of the Federal Power Commission in terminating petitioner's license to construct the project determined the loss.

A practical, not a legal, test is to be applied in determining whether a loss has been sustained in a taxable year. *Lucas* v. *American Code Co.*, 280 U. S. 445. Under the circumstances and facts in this proceeding, evidence of the abandonment of the project must be given great weight. The loss for which petitioner is seeking a deduction is represented by moneys expended for surveys, core drilling, and preliminary engineering work. These preparations were of value only if the project was actually constructed. Petitioner could recover nothing out of the expenditures for preparations if the construction of the project was abandoned. In *W. W. Hoffman*, 40 B. T. A. 459; affd., 117 Fed. (2d) 987, we pointed out the variety of situations in which a taxpayer is entitled to a deduction for a loss, and that aban-

donment may be evidence of a loss, citing several cases where it was held that a loss was sustained upon the abandonment of property or of an interest in property.

The cancellation of the license by the Power Commission in 1935 was not a bar to prevent petitioner's proceeding with the project at a later time. A. new application for a new license could be made. The development of the project by the petitioner was not solely dependent upon the first license which had been granted. The cancellation of the license in 1935 represented only a cause for the suspension of activities. A loss does not result from a mere suspension of operations. There may be a suspension of operations in one year and an honest intention to resume operations later. A taxpayer may suspend operations in one year, with an intent to resume them, but if he later abandons the venture, he then sustains a loss. See *Reuben H. Donnelley Corporation*, 26 B. T. A. 107.

When the license was canceled in 1935, petitioner intended only to postpone the work to be done, and it could hold the plan in suspension because there was little likelihood that a private competitor could or would obtain a license to build a plant at Table Rock in competition with petitioner's Ozark Beach plant. While petitioner could integrate the facilities of a new plant into one system with its Ozark plant profitably, there was no real possibility that another concern would enter the area. However, the construction of a flood-control project at Table Rock by the Government was another matter. Prior to 1936 that eventuality had not developed. When, in 1936, there were substantial indications that the Government would construct a project at Table Rock, at some time not too far in the future, the belief of petitioner's directors that petitioner's chances of obtaining a new license were doubtful, was, in our opinion a reasonable belief. The decision, in 1936, of petitioner's directors to abandon the entire project was reasonable. Effect should be given to that business judgment. See *Rhodes* v. *Commissioner*, 100 Fed. (2d) 966; *United States* v. *Hardy*, 74 Fed. (2d) 841. When it was decided to abandon the project, the potential value of the preparations was destroyed. It has been found that the loss was sustained in 1936.

It appears that respondent's argument carries an implication that petitioner's officers had really decided to give up the plan in 1935, or before, so that the cancellation of the license in 1935 was the fact which determined the loss when considered together with some such decision. The evidence does not support such theory. There is no evidence that there was an abandonment at any time prior to the date when the resolution was adopted in December 1936. Respondent's determination is reversed.

*Decision will be entered under Rule 50.*